**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

*ELECTRONICALLY FILED*

**CIVIL ACTION NO. 6:09-cv-00128-GFVT**

**EMYLN COAL PROCESSING**                             **PLAINTIFF,**
**OF MINNESOTA, LLC**

**Vs.**

**XINERGY CORPORATION**                                 **DEFENDANT.**

_____

**DEFENDANT'S STATUS REPORT**
_____

Comes now Defendant **Xinergy Corporation**, by counsel, and in accordance with FRCP 26(f), provides the following status report:

**1.**       <u>**Telephone Conference**</u> – On October 14 and 26, 2009, the parties' counsel conducted a telephone conference in accordance with FRCP 26(f). Following the same, on October 28, 2009, Counsel for Defendant drafted and emailed to Counsel for Plaintiff a draft Joint Status Report setting tentative discovery and litigation plan dates, and sent another email on November 3, 2009 inquiring as to the Joint Status Report, but has not received a response thereto. Therefore, the Defendant is filing this Status Report with a proposed discovery and litigation plan. The Defendant does not know whether any settlement can be reached at this juncture.

**2.** **Nature of Case** – The claims which are the subject of this lawsuit arise out of a transaction for the sale of coal.

Plaintiff seeks to recover for an alleged breach of contract as to the sale of the coal provided to Defendant by Plaintiff.

Defendant has denied generally of liability and damages set out in the complaint and have counterclaimed for breach of express and implied warranty as to the quality of the coal. Though there may be issues which are adjudicated as a matter of law, the Defendant anticipates that there will be factual questions to be resolved by jury.

**3.** **Proposed Discovery/Litigation Plan** – The Defendant suggests that the parties pursue discovery through written interrogatories, requests for production of documents, requests for admissions, as well as through the depositions of the parties, various lay witnesses, and expert witnesses.

The Defendant does not anticipate any problems in the free disclosure of information. In accordance with LR 37.01, the Defendant will attempt to resolve all objections that might arise without the necessity of this Court's intervention.

Within these parameters, the Defendant proposes a discovery plan that will be completed on or before October 29, 2010. The following outline sets out the specifics of that plan:

a. **Initial Disclosures** – The parties have agreed to an extension of time for the exchange initial disclosures as required by FRCP 26(a)(1). The Defendant anticipates completing its initial disclosures on or before

November 20, 2010.  Furthermore, the Defendant agrees to make supplemental disclosures when required under FRCP 26(e).

b. **Discovery** – The Defendant proposes that the parties may serve written discovery at any time before the discovery deadline stated above.

The Defendant anticipates that the number of discovery requests served by the parties will be within the limitations set by FRCP 26(a)(2), 33(a), 34(a), and 36(a).  However, the Defendant proposes that the parties reserve the right to seek leave of Court in order to propound additional discovery requests if necessary.

c. **Depositions** – The Defendant proposes that the discovery depositions of all lay and expert witnesses may be taken at any time prior to the final discovery deadline.  Counsel for Defendant does not anticipate the need for any limitations as to the number and/or length of those depositions.

d. **Scope of Discovery/Bifurcation** – The Defendant proposes that the parties allow discovery as to both Plaintiff's Complaint and Defendant's Counterclaim.  The Defendant does not anticipate filing a motion to bifurcate the issues for trial.

e. **Amendments** – The Defendant proposes that the parties have up to and including July 30, 2010 in which to file any motions to amend their pleadings or to join additional parties if warranted.

f.    **Experts** – The Defendant proposes that the Plaintiff identify its experts and provide all information required under FRCP 26(a)(2) on or before July 30, 2010.  Defendant will then have up to and including September 30, 2010 in which to identify its experts and provide all information required under FRCP 26(a)(2).  Plaintiff shall identify any rebuttal experts on or before October 15, 2010 and provide any additional disclosures as required.

The Defendant proposes that the parties make all experts available for discovery deposition until the final deadline, i.e. October 29, 2010, and that the deposing party pay all fees charged by the expert for giving his deposition in discovery.

g.    **Dispositive Motions** – The Defendant proposes that the parties file any dispositive motions on or before November 19, 2010, and that LR 7.01 govern the filing of any responses and replies.

4.    **Pre-Trial Conference** – Based upon the proposed litigation plan, the Defendant asks that the Court set a pre-trial conference in November, 2010.

5.    **Trial** – The parties have requested a jury trial in their initial pleadings.  Based upon the Defendant's proposed plan set out above, it appears that trial should be scheduled after November 2010.  Defendant anticipates that the trial can be completed within 3 – 5 days.

**6.** <u>**Magistrate**</u> – The Defendant is willing to have this matter transferred to the magistrate for all purposes including entry of judgment pursuant to 28 U.S.C. § 363(c).

Respectfully submitted,

/s/ Drayer B. Spurlock
Counsel for Defendant
Xinergy Corporation
Napier & Associates, P.S.C.
300 W. 5th Street
P.O. Drawer 5087
London, KY 40745
(606) 864-2263
dspurlock@napierlawoffice.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing instrument was filed electronically on November 11, 2009. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Drayer B. Spurlock

701-01\ Defendant's Status Report